## 50652. CARVEL CORPORATION et al. v. RABEY.

MARSHALL, Judge.

The question presented by this appeal is whether or not the appellants could be made parties to a lawsuit for breach of a lease under which they allege that they have no obligations.

Mrs. Rabey leased a building in her shopping center to Franchise Stores Realty Corporation to be operated as a Carvel store for selling ice cream. The lease was for ten years. Under a provision of the lease agreement, Franchise could assign the lease upon a form called "Assignment of Lease and Assumption Agreement," wherein the assignees agreed to assume the obligations of the original lease and to execute a conditional re-assignment of the lease back to Franchise. One of the conditions which would result in the reassignment of the lease to Franchise was a breach of the original lease by the assignee. Another condition was the termination of the Carvel franchise in the leased premises.

Mrs. Rabey contends that both of these conditions occurred, resulting in an automatic reassignment of the lease back to Franchise, whom Mrs. Rabey seeks to hold responsible for damages resulting from a breach of the lease. She also contends that Carvel, the parent corporation of Franchise, became responsible for ob-ligations under the lease when it subsequently solicited from Mrs. Rabey an amendment to the lease wherein Carvel would occupy the premises from month to month until it could find another tenant. There is no dispute that Carvel made rental payments to Mrs. Rabey and operated the premises itself for at least three months. Thereafter, Franchise assigned the lease to Georgia Retail Stores of Atlanta, Inc., which paid rent to Mrs. Rabey without objection from her for a period of three months. Then Mrs. Rabey observed some "Carvel employees" moving

equipment (freezers, ice cream dispensers, etc.) out of the store, and suspected that the premises were about to be vacated and the lease breached and franchise terminated. At this point, Mrs. Rabey refused to recognize the assignment to Retail Stores, which she contended was merely a "dummy corporation" set up by Carvel at the last minute to avoid its own liability, and refused to accept further rental payments from Retail.

Mrs. Rabey then filed a declaration of attachment of personal property located on the premises and prayed for judgment against Carvel and Franchise in the amount of $39,140 for damages resulting from the latter's breach of the lease. Carvel and Franchise both were personally served at their New York address.

Carvel and Franchise moved for summary judgment, attaching affidavits, on the grounds that they were not proper parties to the action. Carvel contends that it should not have been made a party to the action because it was not a party to the lease, and except for a brief three-month period consented to by Mrs. Rabey, it did not assume any obligations under the lease. Franchise contends that it had, before the attachment action, assigned the lease to Retail in accordance with the terms of the lease and there had been no reassignment back to it, so Franchise should not have been made a party to the lawsuit.

The trial court overruled Carvel's and Franchise's motions to dismiss them as parties, and both appeal. Since the motion was accompanied by and opposed by supporting affidavits, it is treated as a motion for summary judgment. CPA § 12 (b) (Code Ann. § 81A-112 (b)). *Held:*

The questions presented by Carvel and Franchise in their motions for summary judgment are: Did Carvel, by its brief rental payments, assume the contractual obligations under the lease between Mrs. Rabey and Franchise, upon which the lawsuit is based? Did the assignment to Retail Stores have the effect of removing contractual obligations under the lease from Carvel, if any, and from Franchise?

These are legal questions, and unless there are material issues of fact in dispute, or unless the moving parties are clearly liable to Mrs. Rabey under any theory

reasonably raised by her pleadings, we must reverse.

From the above facts, we find no controverted issues of fact. The evidence shows clearly that Carvel was not a signatory to the lease with Mrs. Rabey; that Carvel did not assume any obligations under the lease by its temporary possession of the premises other than for that brief period of time; and that there is not shown to be any actionable fraud on the part of Carvel in moving equipment from the premises.

Nor should Franchise have been made a party to the lawsuit. It had assigned the lease, in accordance with the terms thereof, to Retail Stores, without protest from Mrs. Rabey. Thereafter, the lease provided that Franchise was "released and discharged from any and all obligations under the lease." And there had been no reassignment back to Franchise at any time before this lawsuit was brought. Mrs. Rabey treated Retail Stores as the proper tenant under the lease, and accepted its checks for rent. That Retail Stores may have been a "dummy corporation" with the same address as Carvel and Franchise in New York, does not destroy its separate status as a legal entity, capable of suing and being sued. There is no evidence that Retail Stores does not legally exist. Mrs. Rabey could not ignore Retail Stores and pursue Franchise as she seeks to do in derogation of the terms of the lease.

There being no material issues of fact and the appellants having shown that they cannot be liable to Mrs. Rabey under the action brought, they were entitled to summary judgment. There remains, however, the appellant's counterclaim against Mrs. Rabey, which, in light of the above decision, may also be subject to dismissal. However, since no motion was made in regard to it and no evidence submitted or judgment made thereon, we specifically do not rule on the counterclaim but remand for further proceedings thereon.

*Judgment reversed and remanded. Bell, C. J., and Webb, J., concur.*

Argued May 6, 1975 — Decided September 4, 1975 — Rehearing denied September 29, 1975 —

*Friedman, Haslam & Weiner, Erwin A. Friedman, Alan S. Lowe,* for appellants.
*Alton D. Kitchings,* for appellee.