52729. CARVEL CORPORATION v. RABEY.

QUILLIAN, Judge.

For a full discussion of the facts of this case on a prior appearance, see *Carvel Corp. v. Rabey,* 135 Ga. App. 856 (219 SE2d 475). After the return of that appeal to the trial court, the appellant filed an amendment to its counterclaim. The amendment withdrew the former demand for damages of $41,000 as the fair market value of the property which had been recovered by the appellant. The amendment sought damages and costs from the appellee (former plaintiff) as a result of the wrongful attachment filed by the appellee.

The appellee filed a motion to dismiss the counterclaim and after a hearing conducted with reference to the motion the trial judge entered an order dismissing the same. On appeal to this court we are asked to decide the correctness of that ruling. *Held:*

In his order the trial judge set forth in great detail and with great specificity the sequence of events occurring prior to his ruling. He then dismissed the counterclaim without any further statement as to the basis for the dismissal.

We recognize the rule that where a trial judge has a discretion and fails to exercise it this court will reverse and remand for the trial judge to exercise his legal discretion. *Norwood Realty Co. v. First Fed. S. & L. Assn.,* 99 Ga. App. 692 (2) (109 SE2d 844); *Harrington v. Frye,* 116 Ga. App. 755, 756 (159 SE2d 84); *Watson v. Elberton-Elbert County Hospital Authority,* 229 Ga. 26, 27 (189 SE2d 66). However, this action is taken where it is clear from the record that the trial judge failed through an erroneous interpretation or a misconstruction of the law to exercise his discretion. In this case there is nothing to show the trial judge failed to exercise the legal discretion given him. *Ballard v. Waites,* 194 Ga. 427, 429 (21 SE2d 848); *Milton Frank Allen Publications v. Petroleum Retailers,* 223 Ga. 784, 787 (158 SE2d 248).

The subject of the instant counterclaim as amended concerned a claim on the part of the defendant which matured or was acquired by the pleader after serving his pleading. In such case, with the permission of the court, this counterclaim may be presented by supplemental pleadings. CPA § 13 (e) (Code Ann. § 81A-113 (e); Ga. L. 1966, pp. 609, 625). Under (f) of CPA § 13 where a pleader failed to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, he may by leave of court set up a counterclaim by amendment. Both of these provisions envision the exercise of discretion by the trial judge.

It should be observed that the counterclaim in the instant action is not a compulsory one for it did not "arise out of the transaction or occurrence of the subject matter of the opposing party's claim." In fact the counterclaim is now predicated on the bringing of the plaintiff's claim and its unsuccessful conclusion which the defendant contends is the basis for an action for wrongful attachment and will allow the defendant to recover under the bond issued pursuant to such attachment.

Since the present action may be properly brought in another suit, the trial judge did not err in his action dismissing the counterclaim which we construe in effect to be a denial of permission for the defendant to present a counterclaim by supplemental pleading. See CPA § 13 (e).

As we construe the ruling made herein, the dismissal

was not in any sense on the merits of the case. Therefore, we affirm the ruling on the condition that the dismissal be entered "without prejudice"; otherwise reversed.

*Judgment affirmed on condition. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 26, 1976.

*Friedman, Haslam & Weiner, Alan S. Lowe,* for appellant.

*Alton D. Kitchings,* for appellee.