## 53766. CLAIRMONT FOODS, INC. et al. v. HUDDLE HOUSE, INC.

QUILLIAN, Presiding Judge.

The plaintiff brought an action on a note. The defendant answered, denying the material allegations of the complaint, and by amendment set forth the defense of lack of consideration. Over one year after suit was filed, the cause came on for trial. On the day of trial the defendant filed a counterclaim. The trial judge refused to allow it and excluded all evidence relative thereto. The case was heard by a jury which returned a verdict for the plaintiff. The defendant filed a motion for new trial which was overruled and appealed to this court. *Held:*

1. The defendant contends it was error to exclude testimony concerning the counterclaim and to refuse to charge thereon.

We find the argument to be nonmeritorious. "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party..." CPA § 13 (a) (Code Ann. § 81A-113 (a); Ga. L. 1966, pp. 609, 625). The situation here involves an omitted counterclaim under CPA § 13 (f) which provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

As we have previously pointed out in construing this section, the trial judge is vested with discretion which will not be controlled absent a legal abuse. *Baitcher v. Louis R. Clerico Associates, Inc.,* 132 Ga. App. 219, 220 (1) (207 SE2d 698).

In the case sub judice the defendant failed to show any of the grounds outlined in CPA § 13 (f). Instead

counsel for defendant chose to assert that the counterclaim should be permitted as a matter of right; that there was no law prohibiting the filing of the counterclaim at the trial. Under the circumstances, there was no abuse of discretion in refusing to allow the counterclaim. *Sasser & Co. v. Griffin,* 133 Ga. App. 83, 89 (210 SE2d 34); *Cel-Ko Builders &c., Inc. v. BX Corp.,* 140 Ga. App. 501 (231 SE2d 361). See *Carvel Corp. v. Rabey,* 140 Ga. App. 205, 206 (230 SE2d 355). Therefore, it was not error to exclude evidence regarding the counterclaim and to fail to charge relative thereto.

2. The remaining enumerations of error fail to show error.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED APRIL 12, 1977 — DECIDED MAY 2, 1977.

*James W. Garner,* for appellants.
*William P. Smith, III,* for appellee.