64515. BERRY v. ATLANTA OUTDOOR ADVERTISING, INC.

SOGNIER, Judge.

Atlanta Outdoor Advertising sued Kennesaw Mint, Inc. on an open account, and sued Connie Mack Berry, president of Kennesaw Mint, on a letter guaranteeing payment of Kennesaw Mint's obligation on the account. The action against Kennesaw Mint was stayed by its involvement in a bankruptcy proceeding and the trial court proceeded to hear the case against Berry. After a non-jury trial,

the trial court found in favor of Atlanta Outdoor Advertising and entered a judgment against Berry in the amount of the open account plus interest and attorney's fees. Berry appeals.

Appellant contends that the trial court erred by refusing to grant his motion for a directed verdict and by failing to grant judgment in his favor. Appellant argues that there was no evidence of legal consideration to support the guaranty agreement. We do not agree.

The trial court found that appellant gave a contract of guaranty obligating himself to pay the debt of Kennesaw Mint in consideration of appellee's six-day forbearance from collection of the overdue account. This finding was supported by testimony of appellee's board chairman, Dooner, that on June 30, 1981 he accepted a post-dated check from appellant for the amount owed appellee by Kennesaw Mint. The check was dated July 6, 1981 and Dooner agreed to give Kennesaw Mint an extension through that date. Appellant's letter of personal guaranty accompanied the check. Dooner testified that the six-day forbearance was given; however, payment was stopped on the check before appellee could negotiate it.

"Forbearance to sue on an obligation that is due is a valid consideration sufficient to support a contract. [Cit.] The agreement to forbear must be for a specific period of time, [Cit.], but the agreement here to forbear until [July 6, 1981], supplied this requisite. Even one day has been held sufficient. [Cit.]" *Mason v. Blayton,* 119 Ga. App. 203, 206 (166 SE2d 601) (1969). Acceptance of the post-dated check and agreement to the six-day forbearance effectively "tied appellee's hands" for the agreed-upon period and therefore constituted legal consideration. *Ballentine Motors of Ga. v. Nimmons,* 93 Ga. App. 708, 709 (2) (92 SE2d 714) (1956).

The evidence also supports the trial court's finding that appellant, as president and owner of one-third of the shares in Kennesaw Mint received a benefit from appellee's forbearance from action to collect on his company's debt, despite appellant's contentions that he received no personal benefit. This benefit would have been sufficient in itself as legal consideration to support the letter of guaranty. See *Collins v. Gwinnett Bank & Trust Co.,* 149 Ga. App. 658 (255 SE2d 122) (1979); *Friedland v. C. & S. South DeKalb Bank,* 135 Ga. App. 591, 593 (5) (218 SE2d 302) (1975).

As appellee presented evidence of consideration of forbearance, the trial court did not err in denying appellant's motion for a directed verdict made at the conclusion of appellee's case. *Speir v. Williams,* 146 Ga. App. 880 (1) (247 SE2d 549) (1978). On appeal of a judgment of a trial judge sitting without a jury, the judgment will not be disturbed if there is any evidence to sustain it; thus the trial court did

not err in its findings of fact and in entering judgment in favor of appellee. *Collins v. Brayson Supply Co.,* 157 Ga. App. 438, 439 (278 SE2d 87) (1981).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 24, 1982.

*Charles J. Vrono,* for appellant.
*Robert E. Flournoy III,* for appellee.