## 65173. TURNER ADVERTISING COMPANY v. PRAKAS et al.

BANKE, Judge.

The appellant, Turner Advertising Company, sued the appellees, Gregory Prakas and Robert Busman, to recover the balance due on a promissory note dated August 26, 1981, as well as to collect attorney fees pursuant to former Code Ann. § 20-506 (OCGA § 13-1-11). Following a non-jury trial, the court found the appellees liable for 2/3 of the face value of the note, less all payments which they had made. The claim for attorney fees was denied on the ground that it had not been properly pled, and no interest was awarded. This appeal followed.

The underlying indebtedness represented by the note was an account for materials and services furnished by Turner in installing a neon-light handrailing system at a restaurant owned and operated by the appellees. The system was plagued by malfunctions due to defects in its design, and the appellees sought to escape liability on the note by showing that Turner was responsible for the design; however, it is clear from the evidence that at the time the appellees signed the note, they were well aware of the existence of the defects. They subsequently made five of the ten monthly payments called for under the note.

Appellee Prakas, who was the general manager of the restaurant, testified that he signed the note "to maintain good relations with Turner, so that we could get the neon fixed, and in the future have any repairs made." He explained that for several months after completing the installation work, Turner made frequent service calls but that, having received no payment on the account, the company finally turned the account over to its attorneys for collection and informed him that no more repair work would be done unless some sort of settlement was made. There is no contention that Turner had any contractual obligation at this time to maintain the system, but rather it appears that the service calls were made without charge for the purpose of encouraging payment of the account. Prakas testified that after the note was signed and payments were commenced, Turner again commenced making service calls, and he expressed satisfaction with Turner's overall performance in making repairs.

Although appellee Busman, who described himself as a "silent partner," initially testified that he signed the note in return for Turner's agreement to maintain the system in good operating condition, he admitted on cross-examination that all discussions with Turner surrounding the execution of the note were conducted by Prakas and that consequently he had no first-hand knowledge of such an agreement. Busman testified that after the note was signed,

Turner commenced making service calls again for about three months, until he instructed his attorney to inform Turner that "we will not make any more payments until [the system] works properly for a substantial period of time." He explained that he took this action "because I was making substantial payments then, and it would appear that if at some point I'd pay off the note, [the system] still wouldn't work."

After hearing conflicting evidence at trial as to whether Turner had in fact assumed any responsibility for the design of the system, the trial court determined that the company shared that responsibility with Prakas and the general contractor. For this reason, the court found the appellees liable only for 2/3 of the face amount of the note, less the total of the five payments which the appellees had made. *Held:*

1. It is well settled that the execution of a promissory note in payment of an account operates to cut off all defenses to the account of which the maker then had knowledge. See *Ameagle Contractors, Inc. v. Va. Supply &c. Co.,* 144 Ga. App. 477 (1) (241 SE2d 594) (1978); *Charter Med. Mgmt. Co. v. Ware Manor, Inc.,* 159 Ga. App. 378 (1) (283 SE2d 330) (1981). Since it appears without dispute that the appellees were aware of the defects in the design of the neon railing system at the time they executed the note, it follows that they may not raise these defects as a defense to this suit. As for Turner's alleged agreement to continue to make repairs in return for the execution of the note, there is no evidence that such an agreement was made, and even if there were such evidence, it appears from the appellees' own testimony that Turner not only performed subsequent repair work but did so in a satisfactory manner until the appellees announced their intention to discontinue further payments on the note.

2. We reject the appellees' contention that the evidence authorized a finding that their signatures were exacted under duress. The execution of the note was clearly an arms-length business transaction, and there is absolutely no evidence to indicate that the appellees were acting against their will. Furthermore, the appellees made half of the number of payments called for by the note prior to raising any defense to it whatsoever, and it is well settled that payments constitute a waiver of any defense of duress or coercion which may have existed. See *Hart v. Trust Co. of Columbus,* 154 Ga. App. 329 (268 SE2d 384) (1980); *Williams v. Rentz Banking Co.,* 114 Ga. App. 778 (152 SE2d 825) (1966).

3. The trial court's conclusion that the claim for attorney fees was pled improperly apparently was based on the use of the following language in the complaint: "Pursuant to the provisions of Ga. Code § 20-506, defendants are hereby notified that *unless* all amounts owed

to Turner Advertising Company, . . . are *not* paid within 10 days from the date of service of this complaint, the defendants shall be liable for attorney's fees and costs in the amount of $515.57." (Emphasis supplied.) Although literally read this phraseology may give rise to a construction that no attorney fees will be sought if payment is delayed for at least 10 days, such an interpretation is patently absurd, and we decline to hold that the notice is ineffective because of what is clearly a typographical error which could not reasonably have misled anyone. The notice constituted a sufficient compliance with the requirements of former Code Ann. $ 20-506 (c) (OCGA § 13-1-11 (a) (3)), and the trial court consequently erred in failing to award attorney fees.

4. In accordance with this opinion, the judgment of the trial court is vacated, and the case is remanded with direction that judgment be entered in favor of the appellant for the full amount of the balance due on the promissory note, plus interest at the contract rate from the date of default, and 15 percent attorney fees.

5. The remaining enumerations are rendered moot by the foregoing.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Birdsong, J., concur.*

DECIDED DECEMBER 1, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*John A. Christy,* for appellant.
*Gerald H. White, William E. Duncan, Jr.,* for appellees.