Curtis L. MANN, Trustee of the Bankruptcy Estate of David E. Goodman, Plaintiff-Appellant,

v.

UNITED MISSOURI BANK OF KIRK-WOOD, Defendant-Respondent.

No. 48149.

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1985.

Lea W. Clayton, Jr., Clayton, for plaintiff-appellant.

Gerard F. Hempstead, Allen Kircher, Clayton, for defendant-respondent.

GAERTNER, Judge.

Curtis Mann (plaintiff) as trustee for the bankruptcy estate of Dr. David E. Goodman appeals from the trial court's grant of a directed verdict at the conclusion of plaintiff's case in favor of United Missouri Bank of Kirkwood (defendant) on plaintiff's petition for the conversion and commercially unreasonable sale of Goodman's van. We affirm.

In June of 1977 defendant loaned Goodman $7,306.03 for the purchase of a 1977 Ford Club van with defendant retaining a security interest in the property as collateral. Defendant repossessed the van on December 5, 1980, when Goodman was two months in arrears, and on December 8, notified him he had ten days to redeem the collateral or it would be offered for sale. Goodman was also informed he could re-deem the van anytime prior to the actual disposition. The approximate amount in question was $2,078.77, including car insurance premiums for coverage Goodman failed to secure in violation of the security agreement and the repossession expenses.

Defendant advertised the sale on December 17, 1980, and on December 22, received a written bid for $1,200.00 which was later accepted. Other lower bids were received and rejected. The buyer took possession on either December 22 or January 5 or 6, 1981 and after the first application was denied due to technical deficiencies, a repossession title was issued on January 28.

Goodman also advertised the van for sale at $3,200.00 to which he received some inquiries but no offers. On January 21, 1981, Goodman's attorney attempted to redeem the collateral but, since the van had already been sold, was refused.

Plaintiff now contends the trial court erred in granting defendant a directed verdict in that 1) defendant converted the van by transferring it to a buyer without assigning the certificate of title and refusing to permit Goodman to redeem his van; 2) there was sufficient evidence defendant's conversion of said van was malicious; and 3) the sale of the van was commercially unreasonable.

The dispositive issue here is whether the collateral had been lawfully disposed of before defendant's alleged refusal to allow redemption.

In reviewing the propriety of a directed verdict the evidence and reasonable inferences therefrom are to be considered in the light most favorable to the party against whom the motion was made. *National Garment Co. v. City of Paris, Mo.,* 655 S.W.2d 515 (Mo.1983). A secured party's refusal to permit a redemption of repossessed collateral by a debtor who has the right to redeem is conversion. *See Owens v. Automobile Recovery Bureau, Inc.,* 544 S.W.2d 26 (Mo.App.1976). Section 400.9–506,[1] however, only provides that the

---

**1.** Unless otherwise indicated all sectional refer-   ences are to Revised Statutes of Missouri, 1978.

debtor may redeem the collateral at any time before the secured party has either disposed of the collateral or entered into a contract for its disposition.

■ Even viewing the evidence in the light most favorable to the plaintiff, there is no question the van had been disposed of or at the very least a contract for its disposition entered into prior to January 21, 1981. First, the record reflects buyer took possession either December 22 or January 5 or 6, well before the attempted redemption date. Secondly, although defendant transferred possession without the certificate of title in violation of § 301.210.4,[2] it still created an executory contract to be completed in the future. *Strebler v. Hampton Metro Bank*, 686 S.W.2d 28 (Mo. App.E.D.1984); *Allstate Insurance Co. v. Hartford Accident & Indemnity Co.*, 311 S.W.2d 41, 47 (Mo.App.1958). In either case, the actual sale or contract for sale occurred before Goodman attempted to redeem the van and defendant's refusal did not amount to conversion. Plaintiff's first two points are denied.

■ In his third and final point, plaintiff argues 'the sale was commercially unreasonable in violation of § 400.9–504(3). We disagree. The evidence shows defendant was in compliance with statute when he notified Goodman of the sale, advertised it, received several offers and finally sold it to the highest bidder. The sole fact a higher price may have been obtained at a different time or place does not render the sale commercially unreasonable. § 400.9–507(2).

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.

2. Section 301.210 was intended to hamper traffic in stolen automobiles and reduce fraud and deceit in the sale of used cars and not to invalidate otherwise legitimate transactions. *Case v. Universal Underwriters Co.*, 534 S.W.2d 635, 638 (Mo.App.1976).