70740. LEMCO GYPSUM, INC. et al. v. OMNI-LIFT, INC.
(336 SE2d 334)

BENHAM, Judge.

Appellant Lemco Gypsum, Inc. ("Lemco") produces gypsum bri-

quettes for sale to other companies and is the only company that engages in such an activity. On July 9, 1981, Lemco and appellants Frank Miller and L. E. Miller, Jr., two of Lemco's officers, entered into a contract to purchase three conveyor belt systems from appellee Omni-Lift, Inc. The systems were to be used to expedite the gypsum briquette production process. All three belt systems were fully installed and in use between March 28, 1982, and October 1982, when Lemco advised Omni-Lift that it was removing the equipment from its facility.

During the first two months of equipment operation, Lemco experienced defects with the belt systems. Appellant Frank Miller reported the problems to appellee's personnel and CRP Industries ("CRP"), the manufacturer of the equipment. On April 23, 1982, a CRP representative visited the plant to investigate the situation, and in his report concluded that the problems were "very minor" and stemmed from the fact that the belts were being run at 800 feet per minute, a speed faster than the manufacturer recommended. According to the report, appellant Frank Miller agreed to adjust the speed to 550 feet per minute and eventually reduce it to 200 feet per minute. On April 30, 1982, Miller made additional requests for corrections of problems with the belt systems and Omni-Lift, with some degree of success, attempted to solve them.

On June 14, 1982, appellants Frank and L. E. Miller, Jr., signed a promissory note and security agreement with Omni-Lift, the terms of which required Lemco to pay $78,000 plus interest for the equipment within 60 days. Appellants admit that the agreement was entered into to delay any further legal action against them by Omni-Lift, so as to enable Lemco to effectively seek refinancing of its project. No prior payment to Omni-Lift had been made on the equipment. Appellants failed to pay the note when it came due, and after sending notice of default and demand for payment, appellee filed suit on the debt in August 1983.

Appellants' answer and counterclaim denied liability and claimed that Omni-Lift breached its warranty of fitness for a particular purpose and fraudulently induced appellants to execute the note by withholding a copy of CRP's April 23 report. Appellee moved for summary judgment, which the trial court granted. Appellants here contend that genuine issues of fact remain concerning the extent of their knowledge of the conveyor belt defects prior to the execution of the promissory note, and appellee's alleged perpetration of fraud on appellants. We find that no such issues of fact remain and affirm the judgment.

Appellants contend that there was a failure of consideration for the note because at the time of signing it, they did not know the conveyor belt systems would be "totally unacceptable." However, our re-

view of the record reveals that the consideration for the note was not the conveyor belt systems, but appellee's agreement to postpone legal action against appellants for the 60-day term of the note. Forbearance to sue for a specific period of time on an obligation that is due is a valid consideration sufficient to support a contract. *Berry v. Atlanta Outdoor Advertising,* 164 Ga. App. 541, 542 (298 SE2d 268) (1982).

Appellants' contention that they were unaware of the extent and severity of the defects is not supported by the record. There is no indication that any new defects developed after late April 1982, when appellants were aware that the belts were running too fast and had other problems. Since all of the defects were known to appellants prior to their executing the promissory note in payment of the account, execution of the note operated to cut off all defenses to the account based on those defects. *Turner Advertising Co. v. Prakas,* 164 Ga. App. 788 (1) (298 SE2d 553) (1982).

Appellants' claim that they did not get a copy of the report about the belt speeds until after they had signed the note has no bearing on the result in this case, since the report merely summarized what transpired during the CRP representative's visit and discussion with appellant Frank Miller. Nor does our review of the record find support for appellants' claim that appellee knew that due to the physical nature of the material to be transported on the conveyor belts, the speed at which the belts would have to move was a higher rate of speed than CRP recommended; and that appellee withheld that information from appellants and represented to them that the defect was minor and easily correctable. The record shows that appellants knew before the June 14 signing of the note that the belts had to operate at a speed considerably slower than 800 feet per minute. Therefore, we find no basis for appellants' fraud claim. "Moreover, even if fraud could be found in the conduct of [Omni-Lift] toward [appellants by the representation that the problems were minor and easily correctable, appellants] failed to exercise any diligence to discover any alleged fraud. 'In order to show fraud and misrepresentation in the procurement of the contract as a defense to an action on the contract, it is not sufficient to show that false representations were made. . . . It also must be shown that [appellants] exercised due care to discover the fraud. . . . [Cits.]' " *Gen. Motors Acceptance Corp. v. Bowen Motors,* 167 Ga. App. 463, 466 (306 SE2d 675) (1983). Appellants had ample time before signing the note to investigate further the extent to which the defects would affect the company operations; having failed to do so, they are precluded as a matter of law from asserting fraud on appellee's part.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 11, 1985 —
REHEARING DENIED OCTOBER 23, 1985 — 

*Richard J. Harris, Fredric W. Stearns,* for appellants.
*James R. Gardner, Ronald C. Berry,* for appellee.