50695. TESTON et al. v. TESTON.

QUILLIAN, Judge.

The plaintiff brought an action for damages against the defendants alleging: that she was the widow of W. R. Teston who died May 30, 1973; that the defendants are her stepsons; that her deceased husband had deeded their home place to the defendants reserving therein a life

estate; that on the day after W. R. Teston's death the defendants "threw her out of the house," took certain property, padlocked the house containing the plaintiff's clothing and other personal property and told her not to come back. The complaint set forth special damages sustained by the plaintiff and prayed for such damages plus $10,000 punitive damages for mistreatment of the plaintiff.

The defendants answered denying the allegations and counterclaimed for $300. The case came on for trial, the jury returning a verdict for the plaintiff. Judgment was duly entered thereon. The defendants' motion for new trial was denied and appeal taken to this court. *Held:*

1. The charges were relevant to the case and adjusted to the evidence.

2. The plaintiff did not become an intruder after the death of her husband as the defendants contend. See *Kenner v. Kenner,* 92 Ga. App. 851 (90 SE2d 33), holding that, where a husband was a tenant at sufferance, after his death his wife and children succeeded to that same relation. See also *First Fed. Savings &c. Assn. v. Shepherd,* 131 Ga. App. 692, 693 (206 SE2d 571). If another has the right of possession he may recover damages even from the owner. *Connally v. Hall,* 84 Ga. 198 (10 SE 738).

A tenant holding over wrongfully may not be ". . . forcibly dispossessed by the landlord without subjecting the latter to an action of trespass, he having an appropriate remedy for her summary dispossession under section 4077 et seq. of the code [now Code Ann. § 61-301]." *Entelman v. Hagood,* 95 Ga. 390, 391 (22 SE 545).

3. The evidence although conflicting was sufficient to sustain the verdict.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED MAY 28, 1975 — DECIDED JULY 2, 1975.

*Albert E. Butler,* for appellants.
*Gibbs & Leaphart, Alvin Leaphart,* for appellee.