## 54798. DEAVERS et al. v. STANDRIDGE.

BANKE, Judge.

The appellants, Billy Deavers, Frank Deavers, and Walker Motor Co., appeal a jury verdict awarding the appellee, Mark A. Standridge, actual and punitive damages for the wrongful repossession of his automobile as being contrary to the evidence. They also appeal the overruling of several motions for directed verdict.

The appellants sold the appellee, pursuant to a conditional sales contract, a 1965 Chevrolet automobile. The balance due after trade-in allowance was $282.50 and was to be paid in 12 weekly installments due on the Friday of each week. The appellee testified that he was unable to make the second payment and that appellant Billy Deavers agreed orally that he could make two payments the following Friday (August 1). Billy Deavers testified that appellee never paid any money on the contract and denied making any agreement postponing the due date for the second payment. At trial the appellee was unable to produce the receipt allegedly given him upon payment of the first note.

The appellee testified that he was prevented from

making the double payment on Friday, August 1, because he had to work an 11-hour shift, but that he had intended to make the payments the following day on his lunch hour. Instead, Ronnie Deavers, brother of the appellants, came by the appellee's place of employment that morning to repossess his car. Rather than consenting to the repossession, appellee testified that he drove the car to the appellant's place of business and tendered the overdue payments but that appellants refused the tender and demanded that he pay the entire unpaid balance. Appellee could not do so, so appellants repossessed the car. Appellee further testified that the appellants caused his car to be "blocked-in" by another and told him that he could just "walk his ass home." Appellee's witness confirmed that he tried to pay the past-due amount and that appellee's car was blocked in. The appellants deny either of these acts or that the appellee tendered all past-due monies. Appellee then filed this action seeking damages for the wrongful repossession of his car.

1. Unless otherwise agreed in the contract between the parties, "a secured party has on default the right to take possession of the collateral . . . without judicial process . . ." so long as ". . . this can be done without breach of the peace . . ." Code Ann. § 109A-9—503. See *Ford Motor Credit Co. v. Milline,* 137 Ga. App. 585 (224 SE2d 437) (1976). Here the conditional sales contract clearly provided for repossession upon default of any payments (see *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813 (4) (168 SE2d 827) (1969)); and even if we adopt appellee's version of the testimony regarding the oral agreement, he was still in default since he did not attempt to make the double payment until Saturday. Thus, the primary issue before this court on appeal is whether the appellants breached the peace in repossessing appellee's car such that they are now liable for damages.

Under our criminal law, abusive and insulting language constitutes a breach of the peace if there is an accompanying incitement to immediate violence. See *Faulkner v. State,* 166 Ga. 645 (3) (144 SE 193) (1928). See also Code Ann. § 26-2610(a) (Ga. L. 1968, pp. 1249, 1316; 1974, p. 470) (use of opprobrious or abusive words in presence of another which "naturally tend to provoke

violent resentment," i.e., fighting words, is a misdemeanor).

The term "breach of the peace" used in Code Ann. § 109A-9—503 is not defined by the Uniform Commercial Code (Code Ann. Title 109A). However, decisions from other jurisdictions have indicated that the term has a much broader meaning as used in the Uniform Commercial Code than that usually attributed to it under the criminal law. See White & Summers, Uniform Commercial Code, 1972, pp. 972-975, § 26-6 (and cits.). As White and Summers concluded, most courts find a breach of peace by any creditor who repossesses over the *unequivocal oral protest* of the defaulting debtor; and some courts even require that the debtor, if present, must affirmatively consent for the repossession to be lawful. Neither party in this case has argued that Georgia has (or has not) adopted a broad interpretation, and we issue no opinion on that subject at this time.

The trial judge, here, charged that "term breach of the peace is a general term and includes all violations of the public peace or order or decorum." See generally *Sanders v. City of Columbus,* 140 Ga. App. 441 (3) (231 SE2d 473) (1976). While the evidence offered by the appellee for proving a breach of the peace was not strong, we cannot say that the jury was unauthorized to find, in accordance with the appellee's testimony (as confirmed in part by his eyewitness), that the appellants' combined acts of blocking-in the appellee's auto and speaking to him in offensive, insulting language were sufficiently provocative of violence to constitute a breach of the peace. See *Simpson Grocery Co. v. Holley,* 51 Ga. App. 355 (1) (180 SE 501) (1936); *Mathis-Akins Concrete Block v. Tucker,* 127 Ga. App. 699 (1) (194 SE2d 604) (1972); Code § 70-206; *Ridley v. State,* 236 Ga. 147 (1) (223 SE2d 131) (1976) (weight of evidence addressed to trial court alone, not appellate court).

2. The appellants allege that the trial court erred in overruling their motion for directed verdict on the ground that market value of the property allegedly converted was not proved. Appellee introduced the bill of sale into evidence and relied on the contract price as proving market value. Appellants' specific contention is that an

opinion as to market value based on cost price alone ($695 here) has no probative value.

While the above contention does state the general rule, as between the original purchaser and seller the contract price is proper evidence of actual value and is sufficient to prove market value in the absence of evidence to the contrary. *Young v. Durham,* 15 Ga. App. 678 (84 SE 165) (1914); *Kirkland v. Chrysler Credit Corp.,* 119 Ga. App. 759 (2) (168 SE2d 650) (1969). The appellants maintain that their evidence proved that market value was only $595. As we stated in Division 1, the jury's finding of liability was authorized by the evidence, and the trial judge correctly ruled that a directed verdict on the issue of damages was inappropriate since evidence of the amount of damages claimed was before the jury. In addition, it should be noted that the jury awarded the appellee only $470 in actual damages, an amount less than the fair market value contentions of either party.

3. The appellants contend that there was no evidence to support a finding of punitive damages and that the trial judge erred in overruling their motion for directed verdict. In their next enumeration of error, they allege that the jury's award of $1,000 in punitive damages was excessive.

It was not error to overrule appellants' motion for a directed verdict. Punitive damages are authorized whenever there is evidence of "wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000) (1903); *Investment Securities Corp. v. Cole,* 186 Ga. 809 (199 SE 126) (1938); *Ford Motor Credit Co. v. Milline,* 137 Ga. App. 585 (3) (224 SE2d 437) (1976). It was a jury question whether the appellants' physical act and statement amounted to wilful misconduct such that the imposition of punitive damages was justified. See Code § 105-2002; *Sisk v. Carney,* 121 Ga. App. 560 (5) (174 SE2d 456) (1970).

The appellants having failed to support their allegation that the verdict is excessive with either argument or citation of authority, this enumeration of error is deemed abandoned. See Rule 18 (c) (2) of the Rules

of the Court of Appeals.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED NOVEMBER 8, 1977 — DECIDED FEBRUARY 2, 1978.

*Holcomb & McDuff, Michael G. Colquitt,* for appellants.

*Cobb & Ivester, L. S. Cobb, J. Fred Ivester,* for appellee.