71417. FIDELITY NATIONAL BANK et al. v. WOOD.
(342 SE2d 350)

McMURRAY, Presiding Judge.

Fidelity National Bank (bank) held a security interest in a 1964 MC5 Challenger bus owned by Jesse Parks, Jr. The bus was used as collateral for a note given by Parks to the bank in the principal amount of $13,008. Parks defaulted under the terms of the note and security agreement and the bank instituted a personal property foreclosure action in the State Court of Fulton County. A writ of possession was entered in favor of the bank and against Parks on February 14, 1984, and on March 1, 1984, a deputy marshal of the Fulton

County Marshal's Department returned the writ of possession unexecuted, stating that the bus was not found in Fulton County, Georgia. Subsequently, the bank discovered that Leonard Roy Wood, Jr., (plaintiff) was in possession of the bus for the purpose of making repairs. On June 5, 1984, John T. Richards, a representative of the bank, negotiated an agreement with the plaintiff for the sale of the bus. Pursuant to these negotiations the bank executed a bill of sale transferring the bus to the plaintiff. The bill of sale stated in pertinent part: "For value received described bus is hereby sold and transferred to: Leonard Roy Wood, Jr. YEAR 1964 MAKE MC5 Challenger MODEL MC15 SERIAL NUMBER 5052[.] Seller does not warrant nor guarantee the bus and the bus is sold as is. DATE June 5, 1984." In consideration thereof the bank received from the plaintiff cash and a note in the principal amount of $21,015.50. The note was secured by an interest in the bus. According to the terms of the note and security agreement the purpose of the loan was to satisfy the $13,008 balance due under the note given by Parks to the bank.

On September 24, 1984, Deputy P. C. Pickett and Deputy Bowdoin, of the Fulton County Marshal's Department, and James H. Sanders, Jr., a representative of the bank, arrived at the plaintiff's place of business at 310 McDonough Boulevard, Atlanta, Georgia, seeking possession of the bus under the authority of the writ of possession entered on February 14, 1984, in favor of the bank and against Jesse Parks, Jr. The deputies were informed by the plaintiff's nephew, Joe Deen Wood, and the plaintiff's son-in-law, James Edward Mobley, that the bus was purchased from Fidelity National Bank and belonged to the plaintiff. (Although the plaintiff was not present, the record shows that he spoke with Deputy Bowdoin telephonically and informed the deputy that he purchased the bus from Fidelity National Bank.) James H. Sanders, Jr. did not advise Deputy Pickett of the transaction between Fidelity National Bank and the plaintiff. Both Mobley and Wood were advised that they would be placed in jail if they interfered with the taking of the bus. Sanders identified the bus and the officer executed the writ of possession, giving possession to James H. Sanders, Jr.

On December 20, 1984, the plaintiff filed an action in the State Court of Fulton County, Georgia against the bank, James H. Sanders, Jr. and Luke Davis, Chief Marshal of Fulton County, Georgia. The plaintiff sought damages for conversion; wilful and wanton trespass; violation of his civil rights (see 42 USC § 1983); mental distress; and, malicious use and abuse of process. All of the defendants answered denying the material allegations of the complaint. The bank counterclaimed alleging that the plaintiff is indebted to the bank in the amount of $21,446.29 under the terms of the promissory note executed by the plaintiff to the bank. On April 12, 1985, the plaintiff

filed a motion for summary judgment, with supporting affidavits. Plaintiff sought partial summary judgment against the bank and James H. Sanders, Jr. as to liability with respect to conversion, wrongful trespass and malicious use and abuse of process. The plaintiff also sought summary judgment on that portion of the bank's counterclaim with respect to plaintiff's liability under the promissory note.

In opposition to the plaintiff's motion, the bank relied upon the note and security agreement entered into between the bank and Jesse Parks, Jr.; the note, disclosure statement and security agreement entered into between the bank and the plaintiff; the writ of possession issued by the State Court of Fulton County against Jesse Parks, Jr.; and, the affidavit of John T. Richards, vice president of Fidelity National Bank. Richards' affidavit stated in pertinent part: "On June 5, 1984, I negotiated an agreement with the Plaintiff, Leonard Roy Wood, Jr., whereby he executed a Promissory Note to Fidelity National Bank . . . assuming the indebtedness of Jesse Parks, Jr. on a Promissory Note dated September 20, 1983 . . . At the time, Plaintiff was in possession of Jesse Parks, Jr.'s 1964 Challenger Bus, Serial Number 5052 pursuant to Plaintiff's alleged mechanic's lien for repairs performed on the Bus for Mr. Parks. In consideration for the June 5, 1984 Note, Fidelity advanced $6,607.69 and agreed to forbear from levying on the Bus pursuant to its writ of possession issued by the State Court of Fulton County [Fidelity National Bank v. Jesse Parks, Jr.]. It was further agreed that upon final payment on the June 5, 1984 Note that Fidelity would levy on its writ of possession and transfer title to Plaintiff. Plaintiff understood and acknowledged that if any payments on the Note were not made in a timely manner, Fidelity would proceed to levy on the Bus pursuant to the aforesaid writ of possession. . . . The first payment on the June 5, 1984 Note was credited to the Plaintiff's account by Fidelity for amounts allegedly due Plaintiff for repairs on certain buses. Plaintiff never made any further payments on the Note. Following unsuccessful attempts to contact Plaintiff concerning arrearages on the Note, I learned that Plaintiff had abandoned his business premises and absconded with the bus. . . . On September 24, 1984, the Fulton County Marshal's Office contacted my office and reported that the bus had been found at 310 McDonough Boulevard, Fulton County, Georgia. James H. Sanders, Fidelity's representative, proceeded to that location where he met representatives of the Fulton County Marshal's Office who executed the writ of possession and delivered possession to Mr. Sanders. At no time prior to September 24, 1984 did anyone execute the writ of possession, levy on the bus or transfer possession of the bus to the Bank."

On June 25, 1985, the trial court reserved ruling on other issues

174

presented but granted the plaintiff partial summary judgment with respect to the plaintiff's allegation for trespass and conversion. The bank appeals. *Held*:

The pivotal issue in this appeal is whether there remains a genuine issue as to any material facts concerning the bank's authority to enter onto the plaintiff's place of business and seize the property which is the subject of this appeal.

The undisputed facts show that the plaintiff and the bank entered into an agreement whereby the plaintiff borrowed money from the bank in order to purchase the passenger bus. As part of this transaction the plaintiff entered into a security agreement using the bus as collateral. The security agreement stated in pertinent part that upon default the "[b]ank shall have the right to declare without notice the unpaid principal balance with accrued interest at the contract rate immediately due and payable. The Bank . . . shall have all the rights and remedies of a secured party under the Uniform Commercial Code to the extent the collateral which secures this note is governed by the Uniform Commercial Code, including the right to repossess the collateral wherever the same may be found with free right of entry . . ."

Georgia's Uniform Commercial Code, in OCGA § 11-9-503, provides in pertinent part the following: "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action."

In light of this authority, it appears that the bank had authority "under law" to enter the plaintiff's place of business and repossess the bus without prior written notice. " 'There being no agreed requirement of notice attached to the right to repossess, notice was not required prior to repossession.' *Fulton Nat. Bank v. Horn*, [239 Ga. 648, 651 (238 SE2d 358); OCGA § 11-9-503.]" *Ford Motor Credit Co. v. Hunt*, 241 Ga. 342, 343 (245 SE2d 295). See *ITT Terryphone Corp. v. Modems Plus, Inc.*, 171 Ga. App. 710, 711-712 (320 SE2d 784). Consequently, the trial court erred in granting partial summary judgment to the plaintiff. There remains a genuine issue as to material facts concerning any tortious acts committed by the bank agents during repossession of the bus. See *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813 (168 SE2d 827).

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 20, 1986 —
REHEARING DENIED MARCH 10, 1986 —

*J. Timothy White, Mary Margaret Oliver*, for appellants.

*Louis Levenson, Harry S. Kuniansky*, for appellee.