## 75010. FORREST v. PEACOCK.
(363 SE2d 581)

BANKE, Presiding Judge.

This litigation began as an eviction proceeding filed by the appellee landlord against the appellant, as tenant holding over, on May 13, 1985. On May 22, 1985, the appellant filed an answer and counterclaim, and on that same date the trial court issued a rule nisi scheduling a hearing for June 5th on the issue of whether she should be required to pay rent into the registry of the court pending final adjudication of the appellee's claim for possession. However, on May 28, 1985, before any hearing whatever had taken place in the case, the appellee mooted the dispossessory claim by personally retaking possession of the premises in the aftermath of a disturbance which had occurred there, involving the appellant and an individual to whom she

had evidently sublet the premises. The following day, the appellant amended her counterclaim to assert a claim for damages for unlawful eviction in the amount of 2.8 million dollars. The subsequent trial of the counterclaim before a jury resulted in a verdict in favor of the appellee landlord. This appeal is from the denial of the appellant's motion for new trial on the general grounds. *Held*:

A landlord who, without resort to legal process, forcibly ejects a tenant from the rented premises is liable to the tenant in trespass, although the tenant was holding over beyond his term, was in arrears for rent, and had received legal notice to quit. See *Entelman v. Hagood*, 95 Ga. 390 (1) (22 SE 545) (1894); *Teston v. Teston*, 135 Ga. App. 321 (2) (217 SE2d 498) (1975).

We must agree with the appellant that the evidence presented at trial established conclusively and without dispute that the appellee had forcibly ejected the appellant from the premises against her will and without legal process. Indeed the appellee admitted that the appellant had locked herself inside the house, with the result that "we had to bust the windows to get in . . . the house and get the furniture and belongings out on the street." The appellee also testified that as he and others working under his direction were proceeding with the eviction, the appellant "almost became hysterical, and maybe did a couple of times, and refused to leave the one bedroom at the front of the house . . . ." Under such circumstances, the fact that the appellant ultimately walked out of the house under her own power, without having to be carried out, clearly does not, as urged by the appellee, warrant an inference that she vacated the premises voluntarily and by consent. Whether or not the appellant was actually residing on the premises at the time of the eviction is irrelevant. The issue is whether the appellee re-took possession of the premises from her against her will and without benefit of legal process, and the evidence unequivocally establishes that he did so. We accordingly hold that the trial court erred in denying the appellant's motion for new trial on the general grounds.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED NOVEMBER 17, 1987 —
REHEARING DENIED DECEMBER 4, 1987 — 

*Thomas L. Washburn III*, for appellant.
*E. Wycliffe Orr*, for appellee.