76997. FIDELITY NATIONAL BANK et al. v. WOOD.

(375 SE2d 228)

McMurray, Presiding Judge.

This is the second appearance of the case sub judice before this court. Most of procedural and evidentiary facts relevant on this appeal are stated in our decision on the previous appeal. See *Fidelity Nat. Bank v. Wood*, 178 Ga. App. 171 (342 SE2d 350). Since the prior appeal, plaintiff Wood has amended his complaint to add a claim for lost profits and summary judgment has been granted in favor of defendant Davis, who was sued individually and in his capacity as Chief Marshal of Fulton County, Georgia.

Upon the trial of the case, a jury returned a verdict in favor of plaintiff Wood and against defendant Fidelity National Bank and defendant Sanders, jointly and severally in the amount of $110,000 actual damages and $140,000 punitive damages. Defendants appeal from the judgment following this verdict. *Held*:

1. Eventually, defendant Fidelity National Bank sold the bus for $3,500. There is ample evidence authorizing the jury to determine that a breach of the peace occurred during repossession. Under these facts and circumstances of the case sub judice, the jury was authorized to return a verdict in favor of plaintiff on his claims for conversion and trespass. Consequently, the trial court did not err in denying defendants' motion for directed verdict and motion for judgment notwithstanding the verdict with respect to these claims. See *Bloomquist v. First Nat. Bank*, 378 NW2d 81, 86 (4) (Minn. App. 1985); *Deavers v. Standridge*, 144 Ga. App. 673, 675 (1) (242 SE2d 331); *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813, 818 (4) (168 SE2d 827).

2. Defendants' remaining enumerations of error raise an issue as to whether plaintiff presented sufficient evidence authorizing an award of damages for lost profits. Generally, in tort actions a recovery for loss of profits is permitted, but only if the lost profits are ascertainable with reasonable certainty and are not too uncertain, speculative or remote to afford a reliable basis for computation. *Groover v. Dickey*, 173 Ga. App. 73, 75 (6) (325 SE2d 617); *Moultrie Farm Center v. Sparkman*, 171 Ga. App. 736, 738 (3) (320 SE2d 863); *Stern's Gallery of Gifts v. Corp. Property Investors*, 176 Ga. App. 586, 592 (3) (337 SE2d 29).

In the case sub judice, the plaintiff relies upon evidence that: The fair market value of the bus was between $20,000 and $25,000. The gross revenue generated by the bus was at least $2,000 per week (other testimony by plaintiff stated a weekly revenue of $1,000 to $1,500) and that expenses for fuel, oil and the driver ranged from $400 to $600 per week.

While the evidence relied upon by plaintiff may support a finding that the bus provided net operating revenues of approximately $1,500

per week, this amount is *not* a profit as plaintiff contends. Profit is found by reducing revenues by the amount of *all* expenses.

Plaintiff has testified that it is crucial to his business that a bus be dependable. In order to assure dependability, plaintiff testified that he "got the bus up to my standards what I call maintenance-wise where it would make it without breaking down . . . I kept on top of it . . ." Yet, while professing great diligence in regard to maintenance and repair of the bus, plaintiff has failed to present and the record contains no evidence as to the expenses incurred in this regard. Nor does plaintiff acknowledge any expense arising from wear and tear on the bus, whether such be identified as depreciation or any other term. It is rudimentary that the lifespan of a capital asset such as a bus is not infinite, so that some expense must be attributed to use of the asset in order to reflect the expenditure of a portion of that lifespan.

It follows that since there was evidence of revenues and of certain but not all expenses, the profitability of the enterprise cannot be determined. In the absence of evidence as to the amount of those expenses which were shown to have been incurred, but in an unspecified amount, any award of lost profits must be predicated upon speculation or omission of that data.

Due to the absence of sufficient evidence from which plaintiff's lost profits could be determined with reasonable certainty we must hold that the trial court erred in submitting the issue of lost profits to the jury and in denying defendants' motion for new trial insofar as it was predicated on the lack of evidence authorizing an award for lost profits. *Groover v. Dickey*, 173 Ga. App. 73, 75 (6), supra. In so holding, we do not reach or offer any opinion on two further contentions of defendants, that the evidence of lost damages was insufficient because it fails to show the impact of the absence of the bus on plaintiff's business, considered as a whole, and because plaintiff's revenue data was based on a single high season period of the year so that the effect of seasonal fluctuations was not shown by plaintiff's evidence.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 20, 1988 —
REHEARINGS DENIED OCTOBER 13, 1988 —

*Hurt, Richardson, Garner, Todd & Cadenhead, James J. Brissette*, for appellants.
*Louis Levenson, Mark A. Thompson*, for appellee.