A89A1454 HOPKINS v. FIRST UNION BANK OF SAVANNAH.
(387 SE2d 144)

BIRDSONG, Judge.
This is an appeal from the judgment of the trial court against appellant/plaintiff Elsie Jones Hopkins and in favor of appellee/defendant First Union Bank of Savannah.

The pretrial order directed "that by stipulation [p]laintiff is restricted at trial to pursuing causes of action for wrongful attempted repossession and intentional infliction of emotional distress."

Appellant purchased an automobile and fell behind in making payments. Appellant was given two payment extensions by the appellee bank. She moved frequently and the bank had certain difficulty in contacting her. The bank turned the account over to its outside adjuster (assistant cashier), Robert Evans, who made several unsuccessful attempts to contact appellant either to obtain account payment or automobile repossession. On Christmas Day of 1986, Evans located the car at the home of appellant's parents. He attempted to repossess the car and his efforts were resisted by five or six people, including members of appellant's family. Ultimately Evans freed himself from an entanglement of people and went to his car. He displayed a gun which he kept in the car and was able to drive away without further incident. Evans subsequently called the police and returned to the scene.

The circumstances surrounding the repossession attempt and the alleged physical confrontation were contested at trial. Appellant testified she was scared, embarrassed and humiliated by the incident.

However, she made several admissions while testifying at trial, including that she returned to the house after moving the car, did not participate in the fighting in the yard, did not see how the fighting started, never personally observed the appellant with a gun in his hand, was never hit by Evans, was never subjected to racial slurs or called nasty names by Evans, although he used bad words, was never placed in danger by Evans, and has never had to consult with a psychiatrist or psychologist or suffered a nervous breakdown due to the incident. *Held*:

1. Appellant asserts the trial court's judgment should be reversed because the verdict clearly was against the weight of the evidence on the issue of "breach of peace." We disagree. The term "breach of the peace" involves a legal concept with shifting boundaries not unlike the relatively elastic legal concept of "probable cause." Thus, "[a]ny attempt to define [precisely] what constitutes a breach of the peace will necessarily be under-inclusive," Dobbs, Ga. Enforcement of Security Interests in Personal Property § 4-3, and may require tailoring before it may be appropriately used as a charge in a given case. See generally *Stull v. State*, 230 Ga. 99, 104 (196 SE2d 7).

As a general rule a breach of the peace, as at common law, may be defined "as a violation or disturbance of the public tranquility and order." *Sanders v. City of Columbus*, 140 Ga. App. 441, 443 (231 SE2d 473); cf. *Deavers v. Standridge*, 144 Ga. App. 673, 675 (242 SE2d 331) (affirming the judgment in a case where the judge charged that the " 'term breach of the peace is a general term and includes all violations of the public peace or order or decorum' ").

"The use of force is a breach of the peace." James, 1 Ga. Creditors' Rights § 4.03 (A) (1). "[A] breach of the peace may consist of either actual physical force or constructive force, such as threats of violence or intimidation to compel the submission of a debtor against his will to the appropriation of what he construes to be his property. . . . Thus, for example . . . a threat of violence or an act likely to produce violence may . . . constitute such a breach." Dobbs, supra at § 4-3. Moreover, "[u]nder our criminal law, abusive and insulting language ['fighting words'] constitutes a breach of the peace if there is an accompanying incitement to immediate violence." *Deavers*, supra at 674; OCGA § 16-11-39 (1).

We further agree with "most courts [which] find a breach of peace by any creditor who repossesses over the *unequivocal oral protest* of the defaulting debtor." *Deavers*, supra at 675 (recognizing but declining to adopt this precedent at the time); James, supra at § 4.03 (A) (2) (b). "[I]f collateral, such as a car, is on the streets or in a parking lot, no breach of peace will occur if the secured party takes it without protest or out of the presence of the debtor." Callaghan, Uniform Commercial Code Series, § 9-503:03, p. 559. Likewise, if a third

party such as a spouse, child or parent who reasonably could be expected by the repossessor to staunchly protect the property on behalf of the debtor protests the taking, then a breach of the peace may under the attendant circumstances be imminent. In such cases, self-help repossession should no longer be a lawful alternative for the secured party. See Callaghan, supra, § 9-503:03 at p. 559. (Of course, whether a protest was made and if so made whether it is unequivocal, generally are questions for jury resolution.) These results are compatible with public policy, as "public policy is clearly in favor of a rule that an oral protest is sufficient to foreclose non-judicial possession because it does not beckon the repossessing creditor to the brink of violence." James, supra at § 4.03 (A) (2) (b). Moreover, the "breach of the peace" provisions in OCGA § 11-9-503 must be liberally construed. OCGA § 11-1-102 (1).

As a general rule, whether the attendant facts give rise to a breach of the peace creates a question for *jury* resolution. See *Fish v. State*, 124 Ga. 416 (52 SE 737); see also *Williams v. State*, 105 Ga. 608 (31 SE 738); cf. *Deavers*, supra at 675 (declining to hold that the jury was unauthorized to find a breach of the peace notwithstanding the evidence "was not strong"). Having examined the testimony contained in the trial transcript, we find no reason to depart from this general rule in this case.

2. Appellant enumerates as error that the trial court "erred by instructing the jury on principles of comparative negligence and negligence per se which as a matter of law do not constitute defenses [on behalf of appellee bank] to either a wrongful repossession or intentional infliction of emotional distress cause of action, and for failing to grant [her] Motion for a New Trial on this issue."

(a) It is well-settled that the defenses of comparative negligence, negligence per se, assumption of the risk and contributory negligence are not valid defenses to intentional, wilful, or wanton and reckless torts, and it is inappropriate in such cases to instruct the jury thereon. See generally *Central R. &c. Co. v. Newman*, 94 Ga. 560 (2) (21 SE 219); *Terrell v. Hester*, 182 Ga. App. 160 (2) (355 SE2d 97); *International &c. Local 387 v. Moore*, 149 Ga. App. 431 (11) (254 SE2d 438); *McKinsey v. Wade*, 136 Ga. App. 109 (7) (220 SE2d 30); *Barrow v. Ga. &c. Aggregate Co.*, 103 Ga. App. 704 (11) (120 SE2d 636); see also *Branton v. Draper Corp.*, 185 Ga. App. 820 (3) (366 SE2d 206); compare *Lewis v. Duggan*, 184 Ga. App. 563 (1) (362 SE2d 73).

In regard to appellant's allegation of instructional error, the trial record reflects that the jury in essence was charged that if they should find plaintiff (appellant) removed or concealed her car with intent to hinder enforcement of the security interest thereon that such a violation of state law would be negligence per se or negligence as a matter

of law, that is, "negligence without the necessity of proving more." The jury also was charged "that whenever a plaintiff causes all of . . . her damage by . . . her own conduct, be it because of *violation of the law, negligence* or intention, that plaintiff cannot recover against the defendant. . . ."

After examining the charges in toto, we are satisfied that the instructions given created a fair risk of misleading the jury to conclude that if they found plaintiff was negligent per se such a finding could constitute a defense to the torts of intentional infliction of emotional distress. Accordingly, such an instruction was error. *Terrell*, supra. " ' "(W)hen an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this court will so hold unless it appears from the entire record that the error is harmless." ' " *Foskey v. Foskey*, 257 Ga. 736, 737 (363 SE2d 547). As a fair risk exists that the charge directly misled the jury as to the defenses applicable to the tort of intentional infliction of emotional distress and as the jury found in favor of the defendant, "it cannot be said that the error was rendered harmless by the jury's verdict. . . ." *Foskey*, supra at 737. "Harmful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute or if the erroneous instruction is inapplicable to a vital issue in the case." *General GMC Trucks v. Crockett*, 145 Ga. App. 503 (3) (244 SE2d 78).

Examination of the notice of appeal, the trial transcript, appellant's motion for new trial, the enumeration of errors, and appellant's brief reflects that contrary to appellee's assertion, appellant has not waived this assignment of error. See generally OCGA § 5-6-48 (f).

In the past we have expressed extreme caution and constantly required judicious insight in the development of the controversial body of tort law pertaining to the intentional infliction of emotional distress. See generally *Kornegay v. Mundy*, 190 Ga. App. 433 (379 SE2d 14); *Carruth v. Roberts*, 189 Ga. App. 247 (4) (375 SE2d 499); *Moses v. Prudential Ins. Co.*, 187 Ga. App. 222 (369 SE2d 541); *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (335 SE2d 445); *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771, 773 (324 SE2d 593). Our conclusion, based on the particular appellate issues in this case, is not to be construed as a retrenchment from the above authority.

(b) Appellant asserts that error occurred by applying the above instructions to the tort of attempted wrongful repossession, as that tort too is an intentional tort which precludes as a matter of law the assertion by defendant of plaintiff's own negligence and negligence per se in her dealings with the bank as defenses thereto.

The tort of wrongful attempted repossession can be committed by negligent acts or by wilful or intentional acts. Compare *Deavers*,

supra, with *Ford Motor &c. Co. v. Milline*, 137 Ga. App. 585 (224 SE2d 437). The essential elements of the offense include that a repossession is attempted and that the attempted repossession is wrongful.

The element of "wrongful" repossession refers, in our view, to repossession that is accomplished by "wrongful act." A wrongful act is "[a]ny act which in the ordinary course will infringe upon the rights of another to his damage, unless it is done in the exercise of an equal or superior right." Black's Law Dictionary (5th ed.), p. 1446. The term wrongful act "occasionally is equated to [the] term 'negligence,' but generally has been considered more comprehensive, including criminal, wilful, wanton, reckless and all other acts which in ordinary course will infringe upon rights of another to his damage." Black's Law Dictionary, supra. An analysis of Georgia case law reveals that the term "wrongful," when used as an element of this tort, is used in its more comprehensive sense to include that conduct which is in contravention of some legal duty owed to the party from whose possession the vehicle is being taken. Compare *Deavers*, supra, with *Ford Motor &c.*, supra, and *Horn v. Fulton Nat. Bank*, 140 Ga. App. 568 (231 SE2d 405), rev'd on other grounds, 239 Ga. 648 (238 SE2d 358) (reversing a line of cases which interpreted a certain contract provision as requiring that notice of acceleration be given before the property could be repossessed); see also *Fidelity Nat. Bank v. Wood*, 178 Ga. App. 171, 174 (342 SE2d 350). Moreover, this interpretation is consistent with OCGA § 51-1-6, which provides "[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

In this case, examination of the record reveals that the theory of plaintiff's cause of action for attempted wrongful repossession *primarily* was predicated upon an intentional tort theory. The instructions given were not tailored so as to reflect that the defense of negligence per se would not be applicable to preclude recovery on such an intentional tort theory. For the same reasons as discussed in Division 2 (a) above, we find harmful error resulted from this misleading instruction.

3. In view of our disposition of the enumerations of error in Division 2, appellant's other enumerations of error need not be addressed.

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 19, 1989 —
REHEARING DENIED OCTOBER 5, 1989 —

*Adams, Gardner, Ellis & Inglesby, Ronald C. Berry*, for appellant.

*Woodall & McGahee, John T. Woodall, Timothy K. Haeussler, Hunter, Maclean, Exley & Dunn, Roland B. Williams,* for appellee.