A90A0656. SWIFT LOAN & FINANCE COMPANY, INC.
v. DUNCAN.
(394 SE2d 356)

DEEN, Presiding Judge.

Duk Soon Duncan leased a portion of a building owned by Swift Loan Co., Inc., to operate as a restaurant. After Duncan opened her business, Pawelski, the owner of Swift Loan, became dissatisfied with certain factors associated with the operation of a restaurant (heat from the cooking equipment, food odors, etc.) and decided to install a larger air-conditioning unit on the premises. He demanded that Duncan pay $1,050 toward the installation of the unit. There was no lease requirement that Duncan pay for the air-conditioner, and when she objected, Pawelski ordered her not to set foot on the premises until she heard from his lawyer. Believing that she had been evicted, Duncan treated the lease as terminated and began removing her property from the premises. Before she could remove it all, Pawelski changed the locks, although her rent had been paid through the end of the month. Swift Loan brought suit against Duncan for four months' rent that had accumulated after the locks were changed. Duncan filed a counterclaim for trespass, abusive litigation, and attorney fees. The jury verdict awarded Duncan $607.99 on her trespass claim, $14,000 in punitive damages, and $500 for abusive litigation. Swift Loan appeals following the entry of this judgment.

1. Swift Loan contends that the trial court erred in denying its

motion for a directed verdict on Duncan's claims for trespass and breach of contract.

A review of the trial transcript reveals that there was evidence that Pawelski attempted to impose financial obligations on Duncan which were beyond the scope of the contract, ordered her out of the building when she objected, and changed the locks although her rent was paid through the end of the month. Pawelski claims that he changed the locks because Duncan had damaged the premises when removing her property from the building because a sink had been removed without disconnecting the water. He admitted, however, that he had not filed a claim against his insurance carrier, made a police report, or sought damages in his lawsuit.

A landlord can be subject to an action for trespass because his remedy for taking repossession of the premises is codified at OCGA § 44-7-50. (Demand for possession; procedure upon tenant's refusal.) A landlord may not forcibly dispossess a tenant without subjecting himself to an action for trespass even if the tenant is holding over beyond his term, is in arrears in his rent, and has received legal notice to vacate. *Forrest v. Peacock*, 185 Ga. App. 189 (363 SE2d 581) (1987); *Teston v. Teston*, 135 Ga. App. 321 (217 SE2d 498) (1975).

There was ample evidence presented at trial from which a jury could conclude that Pawelski had no authority to order Duncan off the premises or to change the lock on the door while she was still entitled to possession. A jury could also find that Pawelski's actions constituted a trespass and a tortious interference with her right to enjoyment of the premises.

Evidence was also presented from which a jury could find that Swift Loan breached its lease with Duncan.

2. A landlord may be liable for actual and punitive damages for a trespass upon a tenant's property. *Teston v. Teston*, supra. The evidence in the instant case showed that the landlord harassed the tenant and that she was intimidated by him. A jury could find that she reasonably believed that she had been evicted when Pawelski ordered her off the premises and later locked the doors against her. It could further find that this latter action was an attempt to convert her personal property which remained inside, and that suing her for unpaid rent which accrued after she was locked out was malicious. The court therefore properly denied Swift Loan's motion for a directed verdict on the issue of punitive damages and did not err in charging the jury on this issue.

3. From the facts as set forth above, the jury had evidence from which it could find that the dispossessory warrant and claim for unpaid rent was used as a device to extract money from Duncan and to harass her, and that she therefore had a viable claim under OCGA § 9-15-14. See also *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). We

find no error in the trial court's denial of Swift Loan's motion for a directed verdict on Duncan's claim of abusive litigation, attorney fees, and expenses of litigation. (We note that the court reserved ruling on the motion for attorney fees.)

4. The court's charge on eviction was adjusted to the evidence as presented at trial and was appropriate.

5. The trial court refused to accept the jury's first verdict as to punitive damages because it was vague. The jury retired to reconsider its verdict and reached the verdict entered as a judgment in the case. On appeal, Swift Loan argues that the court's charge on mental pain and suffering was reversible error because there was no evidence to support such a charge and that Duncan sustained no special damages as a result of the litigation. As the transcript is replete with evidence of Pawelski's harsh treatment of Duncan, a jury could conclude that she suffered the requisite mental anguish.

6. As appellant submitted no written request for a jury charge on nominal damages, he cannot now complain of the court's failure to provide a definition of this term to the jury. *Meeks v. State*, 178 Ga. App. 9 (341 SE2d 880) (1986).

7. The first verdict returned by the jury on Duncan's claim of abusive litigation was vague, and the jury indicated that it was not a unanimous verdict. The court then asked it to retire to clarify the verdict, and one juror requested clarification of the issue and a recharge. The court declined to recharge the jury, stating that it did not wish to influence it, but the judge did clarify the type of verdict that it could return. Swift Loan objected to the colloquy between the jury and the court and to permitting the jury to reconsider its verdict. We find no error. Appellant's reliance upon *Brown v. City of Fitzgerald*, 177 Ga. App. 859 (341 SE2d 476) (1986), is misplaced. In *Brown*, the jury was confused on certain points of law and the court refused a recharge. In the instant case, the court realized that the jury verdict was not unanimous because it was confused as to the type of verdict it was to return and gave clarifying instructions. It is not error for the trial court to refuse to receive an improper verdict and to cause the jury to retire and put its verdict in proper form. *Neiman-Marcus v. Gammage*, 191 Ga. App. 510 (382 SE2d 208) (1989).

8. The trial court did not err in charging the jury as to the landlord's duty to repair. Pawelski insisted that Duncan was obligated to pay for the installation of the air-conditioner. As the alleged obligation was not contained in the lease or other writing between the parties, the tenant had no duty to pay for the air-conditioner. Assuming that it was error to give the charge, Swift Loan has not shown how it was harmed by it. The party claiming error must show that it was harmful. *Bellamy v. Edwards*, 181 Ga. App. 887 (354 SE2d 434) (1987).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

Decided April 19, 1990 —
Rehearing denied May 9, 1990.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Jerry A. Buchanan,* for appellant.
*Harry Dicus, Samuel W. Oates, Jr.,* for appellee.