## A93A2046. RUCKER et al. v. WYNN.
### (441 SE2d 417)

ANDREWS, Judge.

After the tenants in a commercial lease agreement failed to pay rent when due under the lease terms, the landlord, without notice to the tenants, retook possession of the premises and rerented it pursuant to terms in the lease providing that the lease would remain in effect, and that the tenants would be liable for accruing rent less amounts collected on rerental. The tenants sued the landlord for wrongful eviction, trespass, breach of the implied covenant of quiet enjoyment of the premises, breach of the lease agreement, breach of an alleged oral contract to accept late payment of rent, and conversion of personal property. The landlord counterclaimed seeking the difference between past due rent accruing under the lease and rent generated by rerental. The trial court granted partial summary judgment in favor of the landlord eliminating all the tenants' claims except conversion of personal property, and granting summary judgment in favor of the landlord on the counterclaim for $248,830 for accrued rent, plus additional sums for attorney fees and interest. The tenants appeal from the order of summary judgment.

The lease agreement at issue provided for the lease of the premises for a restaurant business for a term of five years beginning July 1, 1990 for monthly rent of $7,000 for the first five months and $12,500 per month thereafter. Rent was due under the lease on the first day of each month. The tenants failed to pay the $12,500 rent payment due on January 1, 1991. On or about January 7, 1991, the tenants gave the landlord a check for $12,500, but informed the landlord that there were not sufficient funds in the bank to cover the check. According to

the landlord, the tenants asked him to hold the check and allow them to operate the business through the next weekend so they could generate funds to cover the check, which the landlord agreed to do. According to the tenants, the landlord agreed to hold the check for two weekends. The landlord deposited the check on January 16, 1991, and it was refused for insufficient funds.

The lease defined a failure to pay rent as a default constituting a breach of the lease, and further provided that in the event of such default, and without notice, the "Landlord, as Tenant's agent, without terminating this lease may enter upon and rent the premises, in whole or in part, at the best price obtainable by reasonable effort, without advertisement and by private negotiations and for any term landlord deems proper, with Tenant being liable to Landlord for the deficiency, if any, between Tenant's rent hereunder and the price obtained by Landlord on reletting; provided, however, that Landlord shall not be considered to be under any duty by reason of this provision to take any action to mitigate damages by reason of Tenant's default." Pursuant to this lease provision, the landlord reentered the premises without notice on January 18, 1991 after business hours when the tenants were not present, evicted the tenants by changing the locks on the doors, and prepared and rerented the premises.

1. There is no merit to the tenants' claim that the landlord wrongfully evicted them without notice or resort to dispossessory proceedings. "[A] landlord *may* contract to avoid [the statutory notice and other requirements of dispossessory proceedings set forth in OCGA § 44-7-50 et seq.] when renting property which is not to be used as a dwelling-place." (Emphasis in original.) *Colonial Self Storage &c. v. Concord Properties,* 147 Ga. App. 493, 495 (249 SE2d 310) (1978). The landlord was entitled to rely upon the default provisions in the commercial lease agreement, which gave him the right to reenter and take possession without notice or resort to legal proceedings, and he acted pursuant to the terms of the lease in reentering and taking possession of the premises for rerental upon default by the tenants for nonpayment of rent. Id.; *Wilkerson v. Chattahoochee Parks,* 244 Ga. 472, 473-474 (260 SE2d 867) (1979); *Eason Publications v. Monson,* 163 Ga. App. 370, 371 (294 SE2d 585) (1982). Accordingly, we also conclude that the trial court properly granted summary judgment in favor of the landlord on the tenants' claims for trespass, breach of the implied covenant of quiet enjoyment of the premises, and breach of the terms of the lease agreement. Compare *Entelman v. Hagood,* 95 Ga. 390 (22 SE 545) (1894); *Real Estate Loan Co. v. Pugh,* 47 Ga. App. 443 (170 SE 698) (1933); *Teston v. Teston,* 135 Ga. App. 321 (217 SE2d 498) (1975); and *Forrest v. Peacock,* 185 Ga. App. 189 (363 SE2d 581) (1987), rev'd on other grounds 258 Ga. 158 (368 SE2d 519) (1988) (cases dealing with actions for

trespass for wrongful eviction of residential tenants); compare *Albert Properties v. Watkins*, 143 Ga. App. 184 (237 SE2d 670) (1977) (action for breach of residential tenant's right to quiet enjoyment of the premises); compare *Swift Loan &c. Co. v. Duncan*, 195 Ga. App. 556 (394 SE2d 356) (1990) (action for trespass for self-help eviction of a commercial tenant, where there was also evidence that the landlord's actions were in violation of the terms of the commercial lease agreement).

2. There was no error in the trial court's grant of summary judgment in favor of the landlord on the claim that the landlord breached an oral agreement to accept late payment of the rent. There was no consideration to support such an agreement (see *Clark v. GMAC*, 185 Ga. App. 130, 136 (363 SE2d 813) (1987); *Phillips v. Atlantic Bank &c. Co.*, 168 Ga. App. 590, 591 (309 SE2d 813) (1983)), and any oral agreement was voided by the express provision of the lease stating that, "[t]his Lease contains the entire agreement of the parties hereto and no representations, inducements, promises or agreements, oral or otherwise, between the parties, not embodied herein, shall be of any force or effect." *Clark*, supra at 134; *Great American Builders v. Howard*, 207 Ga. App. 236, 240 (427 SE2d 588) (1993). The tenants' additional claim on appeal that the landlord waived the right to timely payment of rent by previous acceptance of late payments was not raised in the trial court and presents nothing for appellate review. *Lamb v. Georgia-Pacific Corp.*, 194 Ga. App. 848, 850 (392 SE2d 307) (1990).

3. Contrary to the tenants' contentions, where under the terms of a commercial lease a landlord has the right to reenter and take possession of the premises without recourse to legal proceedings, he may do so and effect a self-help eviction if this can be accomplished without a breach of the peace. See generally *Moss v. Chappell*, 126 Ga. 196, 208 (54 SE 968) (1906); *Peacock & Hunt Naval Stores Co. v. Brooks Lumber Co.*, 96 Ga. 542, 545-546 (23 SE 835) (1895). There is no evidence in this case that the landlord's actions caused a breach of the peace. See *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110-111 (387 SE2d 144) (1989); *Hill v. Fed. Employees Credit Union*, 193 Ga. App. 44, 47-48 (386 SE2d 874) (1989); *Deavers v. Standridge*, 144 Ga. App. 673, 674-675 (242 SE2d 331) (1978).

4. Tenants claim the trial court erred in granting summary judgment for the landlord for rent accruing after they were evicted. Although "[g]enerally, when a landlord evicts a tenant and takes possession of the premises, the lease is terminated and the right to claim rent which accrues after eviction is extinguished," the lease may provide otherwise. *Peterson v. P. C. Towers, L.P.*, 206 Ga. App. 591 (426 SE2d 243) (1992). "[T]he parties to a lease agreement may contract in advance to hold the lessee liable for rent even after an eviction, de-

ducting therefrom only the amounts recovered by the lessor from reletting the premises if such an agreement is premised on the existence of an explicit and detailed provision in the lease which clearly and unequivocally expressed the parties' intention to hold the lessee responsible for after-accrued rent even should an eviction take place." (Citations and punctuation omitted.) Id. at 591-592; *Hardin v. Macon Mall*, 169 Ga. App. 793 (315 SE2d 4) (1984).

The language used in the present lease was a clear expression of the parties' intention that after reentry by the landlord to take possession of the premises for rerental, the tenants remained liable for accruing rent and were responsible to the landlord for the difference between the tenants' rent accruing under the lease and the rent obtained by reletting. There is no merit to the tenants' contention that the lease provisions were ambiguous. As the record stands, it is undisputed that the tenants' rent accruing under the lease after eviction was $287,500, and that the landlord's efforts to relet the premises generated rentals of $38,670, leaving a deficiency of $248,830.[1] There was no error in the trial court's grant of summary judgment in favor of the landlord on his counterclaim.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 28, 1994 —<br>RECONSIDERATION DENIED FEBRUARY 15, 1994.

*Alan I. Begner, Penny M. Douglass*, for appellants.
*Alston & Bird, A. McCampbell Gibson, T. Michael Tennant*, for appellee.

---

[1] The issue was not raised, and we do not address the contractual responsibility to mitigate damages which may be imposed on a landlord who reenters the premises pursuant to a lease provision as the tenant's agent for the purpose of reletting the premises.