## A95A0081. MULLIS v. SHAHEEN.
(456 SE2d 764)

JOHNSON, Judge.

In March 1994, Doris B. Shaheen sued Billy Mullis and Bruce Love for breach of a commercial lease and, in her complaint, notified defendants pursuant to OCGA § 13-1-11 (a) (3) of her intent to enforce the lease provision for payment of attorney fees in addition to principal and interest due under the lease. The trial court granted Shaheen's motion for summary judgment, and ordered Mullis and Love to pay $37,500 principal, plus $3,775 attorney fees and post-judgment interest. This appeal followed.

Viewed in the light most favorable to the party opposing the motion for summary judgment, the evidence shows that Billy Mullis, Bruce Love and Love Enterprises, Inc., on March 29, 1990, entered into a five-year lease of commercial property in Cartersville with monthly rent payments of $2,250. The lessees operated Captain Billy's Fishhouse # 10 and made monthly rent payments under the lease until the restaurant changed hands. It is uncontroverted, however, that no new lease was executed. In March 1992 the new proprie-

tor, John E. Hathcoat, made a partial rent payment of $1,500 and rents remained in arrears thereafter until September 1992, when Shaheen exercised her rights under its default provisions to terminate the lease by obtaining writs of possession against Hathcoat, Mullis and Love and retaking the premises. Shaheen also obtained a money judgment of $8,250 against Hathcoat.

1. Mullis contends summary judgment for Shaheen was improper because the lessor was not entitled to rents after she obtained a writ of possession and thereby terminated the lease. We disagree.

"It is the general rule in Georgia that an eviction and subsequent reentry and possession of the premises by the landlord terminates the lease. [Cit.] Thus, any right to rent which accrues after eviction is normally extinguished." *Bentley-Kessinger, Inc. v. Jones*, 186 Ga. App. 466, 467 (367 SE2d 317) (1988). However, "parties to a lease agreement may contract in advance to hold the lessee liable for rent even after an eviction, deducting therefrom only the amounts recovered by the lessor from reletting the premises. [Cit.]" Id. at 467-468; *Rucker v. Wynn*, 212 Ga. App. 69, 70 (1) (441 SE2d 417) (1994). In paragraphs 11.4 (b) and 11.5 of the lease, Mullis and Love agreed that in the event Shaheen terminated the lease in accordance with its default provisions, as landlord she could recover from them all damages incurred by reason of their breach, including the cost of recovering the premises and reasonable attorney fees, and including the worth at the time of termination of the difference between the rent under the lease and that for which the premises were relet, if any, for the remainder of the lease term. Paragraph 11.6 further provides that pursuit of legal remedies for default would not "constitute a forfeiture or waiver of any rent due to Lessor [under the lease]." "Mere acceptance by the obligee of performance by the assignee, or substituted obligor, of the contract is not sufficient to establish novation in the absence of words or conduct tending to show an intention or agreement on the part of the obligee to release the original obligor and extinguish his liability. When a lease recites that the original lessee is to remain liable even if the lease is assigned, the lessee is not relieved from its contractual obligation merely because the lessor gives his written consent to the assignment." (Citations and punctuation omitted.) *Worth County Indus. &c. v. Lehigh Valley Indus.*, 183 Ga. App. 634, 636 (1) (359 SE2d 707) (1987). Under the facts of this case, therefore, the trial court properly granted summary judgment to Shaheen for rents past due.

2. Mullis also argues that summary judgment for Shaheen was improper because after the parties agreed to an assignment of the lease to Hathcoat and O-SE-O, Inc., Shaheen failed to provide notice, as required by OCGA § 13-4-4, of her intention to rely on the exact terms of the original lease. This argument is without merit since the

original lease contemplates the possibility of assignment in paragraph 16.1 and expressly provides that the original lessees remain liable for the payment of rent and all other obligations under the lease.

3. Finally, Mullis challenges the award of attorney fees pursuant to OCGA § 13-1-11 on the ground that the complaint did not inform the obligors of the location in the contract of the provision for assessment of attorney fees, and therefore notice was insufficient. This argument is without merit.

Shaheen's complaint informed Mullis and Love that unless they paid the sum owing within ten days from receipt of the complaint, they would incur the additional expense of attorney fees as set out in OCGA § 13-1-11, pursuant to the "provisions of the agreement relative to payment of all costs of enforcement, including attorney's fees." Such notice within the complaint meets the requirements of the statute. Compare *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 845 (3) (392 SE2d 37) (1990).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED APRIL 12, 1995.

*Fred J. Stokes*, for appellant.

*Frederick J. Hanna & Associates, Frederick J. Hanna, Elizabeth C. Whealler*, for appellee.