**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VANESSA CHAVEZ, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> FORD MOTOR CREDIT COMPANY LLC; WIRB INCORPORATED, doing business as Western International Recovery Bureau, <br><br> Defendants - Appellees. | No. 25-8 <br><br> D.C. No. 3:23-cv-08024-GMS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted January 8, 2026
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and BRESS, Circuit Judges.

Plaintiff Vanessa Chavez ("Chavez") appeals the district court's grant of summary judgment in favor of defendants Ford Motor Credit Company, LLC ("Ford") and WIRB, Inc. ("WIRB"). Chavez claims Ford illegally repossessed her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

vehicle in breach of the peace, violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f, and an Arizona self-help statute, A.R.S. § 47-9609. We review the summary judgment grant de novo, *2-Bar Ranch Ltd. P'ship v. U.S. Forest Serv.*, 996 F.3d 984, 990 (9th Cir. 2021), and we affirm.

The FDCPA prohibits debt collectors from taking nonjudicial action to effect dispossession or disablement of a debtor's property if: "(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; . . . or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6). The FDCPA does not itself clarify when a lender has a right of possession or when property is exempt by law from repossession, so the parties agree we must look to the underlying state law to determine whether a repossessor had a right to possess the property. *See Aguayo v. U.S. Bank*, 653 F.3d 912, 923 (9th Cir. 2011) ("[D]ebt collection, and specifically the right to repossess property that is the subject of a secured transaction, has deep roots in common law and remains a fixture of state, not federal, law.").

Borrowing from the Uniform Commercial Code, in Arizona a secured party may utilize self-help repossession "if it proceeds without breach of the peace." A.R.S. § 47-9609(B)(2). "Breach of the peace" is not further defined, and the Arizona Supreme Court has not yet interpreted the phrase in the repossession context. Thus, we are called on to "predict how the highest state court would decide

2                                                                                                    25-8

the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Vestar Dev. II, LLC v. Gen Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quotation omitted). Intermediate Arizona court decisions direct that the "facts of each individual case must be evaluated to determine if a breach of the peace has occurred." *Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 613 P.2d 1283, 1285 (Ariz. Ct. App. 1980) (quotation omitted).

As numerous courts have observed, there is a split in authority as to whether continuing with repossession over the debtor's oral protest, standing alone, can constitute a breach of peace. *See, e.g.*, *Clarin v. Minn. Repossessors, Inc.*, 198 F.3d 661, 664 (8th Cir. 1999); *Lavalley v. Skyline Recovery Serv., Inc.*, 788 F. Supp.3d 224, 228–33 (D. Mass. 2025); *Wiley v. On Point Recovery Transport LLC*, 757 F. Supp. 3d 943, 947–49 (D. Ariz. 2024). Cases from several jurisdictions contain language at least suggesting that an oral objection alone can be sufficient to require the repossessor to cease efforts and try again at another time or resort to judicial process. *See, e.g.*, *Gonzalez v. VJ Wood Recovery, LLC*, 726 F. Supp. 3d 399, 404 (E.D. Pa. 2024) ("a verbal objection may constitute a breach of the peace"); *Hopkins v. First Union Bank*, 387 S.E.2d 144, 146 (Ga. App. 1989) ("We further agree with most courts which find a breach of peace by any creditor who repossesses over the unequivocal oral protest of the defaulting debtor." (quotation and alterations

omitted)); *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449, 453 (Wis. Ct. App. 1993) ("Once a debtor unsuccessfully demands that a repossessing creditor desist, the only way to enforce that demand is with a breach of the peace . . . .").[1]  But there are also a number of cases which have reached the opposite conclusion, i.e., that a mere verbal objection to repossession, without more, does not amount to breach of the peace.  *See, e.g.*, *Chrysler Credit Corp. v. Koontz*, 661 N.E.2d 1171, 1172–74 (Ill. App. 1996) (no breach of peace where debtor heard repossession occurring during the night, rushed outside and yelled "don't take it"); *James v. Ford Motor Credit Co.*, 842 F. Supp. 1202, 1208–09 (D. Minn. 1994) ("[D]efendants did not lose the present right of possession merely because James said she did not want the car taken away."); *Garcia v. Dezba Asset Recovery, Inc.*, 665 F. Supp. 3d 390, 407–08 (S.D.N.Y. 2023) (plaintiff did not plead sufficient facts to constitute breach of the peace by alleging he confronted the repossessor and advised him not to repossess the vehicle).

---

[1] However, as the district court aptly noted, in many of these cases additional factors were present which increased the risk of violence or intimidation so that few of them actually relied *solely* on oral opposition to conclude there was a breach of peace.  *See, e.g.*, *McLinn v. Thomas Cty. Sheriff's Dep't*, 535 F. Supp. 3d 1087, 1102–03 (D. Kan. 2021); *Fulton v. Anchor Savs. Bank, FSB*, 452 S.E.2d 208, 211–12 (Ga. Ct. App. 1994); *Morris v. First Nat'l Bank and Trust Co. of Ravenna*, 254 N.E.2d 683, 686 (Ohio 1970).

We agree with the court in *Wiley* that "courts across all jurisdictions are primarily concerned with a risk of violence in analyzing whether the specific facts of each case demonstrate a breach of the peace." 757 F. Supp. 3d at 949. As such, courts have looked to a variety of factors to determine if there was a breach of peace in self-help repossession, including "the use of law enforcement; violence or threats of violence; trespass; verbal confrontation; and disturbance to third parties." *Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272, 279 (E.D. Pa. 2016); *see also Clarin*, 198 F.3d at 664 (relevant factors include "(1) where the repossession took place, (2) the debtor's express or constructive consent, (3) the reactions of third parties, (4) the type of premises entered, and (5) the creditor's use of deception." (quotation omitted)). We conclude the Arizona Supreme Court would also look to similar factors in analyzing breach of the peace, rather than adopting a bright-line rule. *See Griffith*, 613 P.2d at 1285.

This leaves the question of whether, construing the facts in the light most favorable to Chavez, there remains a genuine issue for trial as to whether WIRB's repossession breached the peace. The majority of factors identified above tip in favor of the defendant. There was no use of law enforcement, no deception, no violence or threat of violence, no physical obstruction, no significant reaction or disturbance of third parties, and the repossession took place in a public parking lot. Although there were verbal requests by Chavez for WIRB not to take the vehicle,

there is no allegation of screaming or profanity that exacerbated a risk of violence. Significantly, Chavez was also given an opportunity to contact the lender on the phone before WIRB proceeded with the repossession, and WIRB even agreed to tow the car to Chavez's home first to allow her to remove personal belongings from the vehicle.

In light of the total circumstances present in this case, there was no breach of peace during the repossession. The district court therefore properly granted summary judgment to Ford and WIRB.

**AFFIRMED.**